UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW WEARY                                    CIVIL ACTION NO. 10-1793

VERSUS                                          SECTION "C"

N. BURL CAIN, ET AL                             MAGISTRATE (4)

## ORDER AND REASONS

Before the Court are (1) Andrew Weary's motion to re-open civil action number 10-1793 and to grant Weary's writ of habeas corpus unconditionally pursuant to Federal Rule of Criminal Procedure [sic] 60(b)(2),(5) and (6) vacating this District Court's earlier grant of a conditional writ, where the Louisiana State Courts failed to comply with original writ in a timely manner and failed to comply with the conditions of the writ ("Rule 60(b) motion"); Rec. Doc. 30; (2) Weary's motion for an evidentiary hearing and appointment of counsel; Rec. Doc. 33; and (3) Weary's motion for an in-camera inspection of the tape of the proceedings held on May 23, 2012; Rec. Doc. 34.  The State of Louisiana ("the State") opposed the Rule 60(b) motion, and Weary replied.  Rec. Doc. 31; Rec. Doc. 35.  The State also opposes the other two motions, and Weary also replied. Rec. Doc. 38 & 41.  Weary's Rule 60(b) motion is partially granted and partially denied, and the other two motions are denied for the following reasons.

## I. BACKGROUND

Andrew Weary was convicted of armed robbery and attempted first degree murder.  After exhausting state appellate procedures, he filed a writ of habeas corpus on June 17, 2010 alleging,

1

*inter alia*, that his convictions for attempted first degree murder and armed robbery violated his constitutional rights under the double jeopardy clause of the Fifth Amendment and the Louisiana State Constitution.  Rec. Doc. 1.  The Magistrate Judge found that several of petitioners claims should be denied including his claims for constructive denial of effective assistance of counsel, ineffective assistance of counsel, and insufficient evidence to convict him of the armed robbery. Rec. Doc. 24 at 44.  However, the Magistrate Judge found that there was merit to Weary's claim of double jeopardy. *Id.* at 41-42.  The Magistrate Judge relied on *Neville v. Butler*, 867 F.2d 886, 890 (5th Cir. 1989), to recommend that the proper remedy for a violation of the Double Jeopardy Clause of the 5th Amendment was to grant Weary's petition only as to this claim "unless, within 90 days from the entry of a judgment by this Court, the Louisiana State Courts does the following: (1) vacates the sentence imposed for the armed robbery and attempted first degree murder convictions; (2) vacates the conviction for one of the offenses; and (3) resentences Weary on the remaining offense." *Id.* at 44.  This Court adopted the Magistrate Judge's Report and Recommendation, and entered judgment granting Weary partial and conditional habeas relief based on the condition detailed above on February 23, 2012.  Rec. Doc. 27; Rec. Doc. 28.

The Fifth Circuit has held that a habeas decision of this type to "end a state criminal proceeding as part of the habeas remedy" by "conditionally dismissing the underlying indictment is warranted only in narrow circumstances." *Jones v. Cain*, 600 F.3d 527, 542 (5th Cir. 2010). The Court explicitly stated that an example of the narrow set of circumstances warranting this type of remedy is when there is a double jeopardy violation such as the double jeopardy violation present

here. *Id.*  This is because the constitutional problem that led to the writ cannot be cured by a new trial. *Id.*

The Twenty-Second Judicial District Court for the Parish of Washington, State of Louisiana held proceedings on May 23, 2012 to comply with the district court's order. Rec. Doc. 31 at 2. Weary filed the present motion to re-open his civil action under Rule 60(b) alleging that the Louisiana State Courts failed to comply with the original writ in a timely manner and failed to comply with the conditions of the writ. Rec. Doc. 30.  His two additional motions for an evidentiary hearing and appointment of counsel as well as an in-camera inspection to review the state court proceedings relate to the same claim. Rec. Doc. 33; Rec. Doc. 34.

## II. REVIEW

### A. Jurisdiction

As a preliminary matter, it is determined that this Court has jurisdiction over Weary's Rule 60(b) motion.  When Weary filed a notice that the State had failed to comply with the conditional writ, this Court construed Weary's pleading as a notice of appeal and referred it to the 5th Circuit. Rec. Doc. 29.  The Fifth Circuit ruled that "[i]t is apparent from the document that the petitioner was asking the district court to enforce its order and was not seeking to appeal to this court." Rec. Doc. 30 at 25.  When a motion does not contain a habeas claim attacking the substance of the merits of a federal resolution, but instead requests relief from "some defect in the federal habeas proceedings," the district court has jurisdiction to adjudicate the claim.  *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S. Ct. 2641, 2648, 162 L. Ed. 2d 480 (2005).  Here, Weary's motions are confined to a

"[n]onmerits aspect of the first federal habeas proceeding . . . ."  *Id.* at 535, 2648.  Thus, this Court has proper jurisdiction to adjudge Weary's motions.

### B. Standard of Review

A motion for relief that is filed more than ten days after the judgment at issue is analyzed under Federal Rule of Civil Procedure 60(b).  *Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003).  Rule 60(b) articulates several reasons that "a court may relieve a party or its legal representative from a final judgment, order, or proceeding."  Fed. R. Civ. P. 60(b).  These reasons include mistake, surprise, fraud, misconduct, or any other reason justifying relief.  Fed. R. Civ. P. 60(b).  A movant must "show 'extraordinary circumstances' justifying the reopening of a final judgment."  *Gonzalez v. Crosby*, 545 U.S. at 535, 125 S. Ct. at 2649 (quoting *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950)).  "Such circumstances will rarely occur in the habeas context."  *Id.*

### III. LAW AND ANALYSIS

Weary argues in his Rule 60(b) motion that he should be released from state custody through an order granting him absolute rather than conditional habeas relief, and his armed robbery conviction should be vacated rather than his attempted first degree murder conviction.  Rec. Doc. 30 at 20; Rec. Doc. 30 at 19. The contentions that are the basis of Weary's Rule 60(b) motion are that (1) the state court took ninety-one days rather than the allotted ninety days to comply with the district court's order, (2) the state court deliberately left Weary in double jeopardy by not abiding by the district court mandate granting partial habeas relief, and (3) the state court should have

4

vacated Weary's conviction for armed robbery rather than for attempted first degree murder.  Rec. Doc. 30 at 12.  In granting Weary partial habeas relief, the district court mandated the state court to do three things: (1) vacate the sentences for the armed robbery and attempted first degree murder convictions; (2) vacate the conviction for one of the offenses; and (3) resentence petitioner on the remaining conviction.  Rec. Doc. 24 at 44.  Weary claims that the state court did not comply with the district court's mandate, and he brings a motion for relief under Federal Rules of Civil Procedure 60(b)(2), (5), and (6).  Rec. Doc. 30 at 1.

### A. Rule 60(b) motion

Relief is not available to Weary under any of the subparts of Rule 60(b) he has referenced. Rule 60(b)(2) grants courts the power to relieve a party from a final judgment because of newly discovered evidence that could not have been discovered in time to move for a new trial under Rule 59(b).  Weary presents no such evidence, and therefore cannot gain relief under Rule 60(b)(2).  Rule 60(b)(5) offers relief if (1) the judgment has been "satisfied, released or discharged;" (2) the judgment is "based on an earlier judgment that has been reversed or vacated;" or (3) "applying [the judgment] prospectively is no longer equitable."  Weary's claim does not fall under any provisions of this rule.  The first provision is inapplicable because Weary's claim is specifically that the district court's judgment *has not* been satisfied.  Similarly, the second provision is inapplicable because the district court's judgment is not based on an earlier judgment that has been reversed or vacated.  The district court's grant of Weary's habeas petition only indicated that one of the *convictions* that was part of the earlier judgment be vacated, not that the earlier *judgment* against Weary was reversed or

5

vacated.  The third provision is also inapplicable. The nature of the district court's judgment was prospective only such that habeas relief was to be granted unless the state court complied with the order's mandates.   Rec. Doc. 24.   Weary does not seek relief from the judgment applied prospectively, but rather enforcement of the district court judgment.  Rec. Doc. 30.

Weary also requests relief under Rule 60(b)(6).  Rule 60(b)(6) is the catch-all provision of Rule 60(b).  It grants federal courts broad authority to relieve a party from a final judgment . . . provided that the motion is . . . not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeber v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, 108 S.Ct. 2194, 2204, 100 L.Ed.2d 855 (1988).  Despite this "broad authority," Weary's claim is not articulated as relief from a final judgment, but rather as an enforcement of a previous judgment. Rec. Doc. 30.  Therefore, the Court should not grant relief under this rule based on the context of Weary's motion.

### B. Weary's Request for Immediate Release

While Weary's motion is not cognizable under Rule 60(b), his request for an absolute grant of habeas relief must be evaluated.  The purpose of a conditional writ, as was granted in this case, is to "alert the state court to the constitutional problem and notify it that the infirmity must be remedied."  *Smith v. Lucas*, 9 F.3d 359, 367 (5th Cir. 1993).   "[T]he consequence when they fail to do so is always release."  *Wilkinson v. Dotson*, 544 U.S. 74, 87, 125 S.Ct. 1242, 1251, 161 L.Ed.2d 253 (2005).  Weary relies on this statement by the Supreme Court to justify his request for

relief in this case.  This Court must therefore inquire as to whether the state court complied, and if not, whether release is warranted.

### I. State Court Noncompliance

As stated above, when the district court granted Weary partial habeas relief, it mandated that the state court (1) vacate the sentences for the armed robbery and attempted first degree murder convictions; (2) vacate the conviction for one of the offenses; and (3) resentence petitioner on the remaining conviction.  Rec. Doc. 24 at 44.  Weary claims that the state court did not vacate either of his convictions, and that proceedings were held outside of the time period dictated by the district court's judgment.  Rec. Doc. 30; Rec. Doc. 35.

The transcript of the state court proceedings from May 23, 2012 reveals that the first mandate to vacate the prior sentences was clearly executed.[1]  Rec. Doc. 38-1 at 8.  However, the court did not vacate the conviction for one of Mr. Weary's offenses as dictated in the second district court mandate.  During the proceeding, the Assistant District Attorney chose to *nolle pross* the attempted first degree murder count.  *Id.* at 3. The state court indicated that this action complied with the district courts' mandate to vacate one of Mr. Weary's convictions.  This was error.

*Nolle pross* is a variant of the phrase *nolle prosequi*, which is a formal legal notice by a prosecutor that she is abandoning a lawsuit or prosecution.  *See* Black's Law Dictionary 1074 (8th ed. 2004).  This phrase is used before a final judgment, and does not vacate a conviction.  *See United*

---

[1] The Court:  "That's what the federal court dictated, and that's the appreciation of my role today, is to vacate – which the Court does vacate the prior sentences which were imposed."  Rec. Doc. 38-1 at 8.

*States v. Salinas*, 693 F.2d 348, 350 (5th Cir. 1982) (noting the abandonment of prosecution prior to the empaneling of the jury via *nolle prosequi*); *see also State v. Shepherd*, 2008-1556 (La.App. 3 Cir. 6/3/09), 11 So.3d 729, 730 n.1 (defining *nolle prosequi* as the abandonment of a prosecution). For a conviction to be vacated, the presiding court must make a statement of vacation, or the convicted party must move to vacate the conviction. *See Toledo-Hernandez v. Mukasey*, 521 F.3d 332, 336 (5th Cir. 2008); *State v. Burton*, 46, 552 (La.App. 2 Cir. 9/21/11), 74 So.3d 253, 253-54. The state court was noncompliant. After vacating one of Weary's convictions, the State Court must resentence Weary on the remaining offense.[2]

Weary also alleges that the State did not hold proceedings in a timely fashion. Rec. Doc. 35 at 4. Weary's habeas petition was to be granted unless "within 90 days from the entry of [the] judgment by [the district court], the Louisiana State Courts" complied with the aforementioned mandates. Rec. Doc. 28. Under Federal Rule of Civil Procedure 6(a)(1)(A), the day of the event that triggers the period is excluded from the count. The district court entered judgment on February 23, 2012, Rec. Doc. 28, and counting from February 24, 2012, the state court held proceedings to comply 90 days later on May 23, 2012. Rec. Doc. 38-1. The state court was compliant insofar as the proceedings were timely. However, the state court is still in violation of the district court's time

---

[2] It is not clear if the State Court resentenced Weary in the last proceeding, but in any case, the State Court must now do so after it vacates one of the convictions. In the last proceeding, the State Court simply deferred to the judge that had heard and sentenced based on the conviction for both offenses: "She was my predecessor immediately preceding my election. I put great deference in her ability, wisdom in sentencing . . . . [T]he Court is going to maintain the prior sentence of 75 years, without the benefit of parole . . . ." Rec. Doc. 38-1 at 9.

requirement.  Specifically, the state court failed to vacate one of Weary's convictions within 90 days.  Thus, the inquiry turns to whether this state court error requires this Court to grant Weary absolute habeas relief ordering his release.

<u>*ii. Release Under a Conditional Grant of Habeas Relief*</u>

This Court is not required to order Weary's release.  The Supreme Court has stated that "[c]onditional writs are not an all-purpose weapon with which federal habeas courts can extort from the respondent custodian forms of relief short of release . . . ." *Wilkinson*, 544 U.S. at 87, 125 S.Ct. at 1251.  However, the Court has not stated that a district court cannot grant the state court a time extension to comply with the mandates of a conditional writ.  While the Court has not spoken about this issue directly, the Court has opined that "[f]ederal habeas corpus practice

. . . indicates that a court has broad discretion in conditioning a judgment granting habeas relief. Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.'" *Hilton v. Braunskill*, 481 U.S. 774, 775, 107 S.Ct. 2113, 2118, 95 L.Ed.2d 724 (1987) (internal quotation marks omitted).

While neither the Fifth Circuit nor the Supreme Court have directly addressed this issue, several circuit courts have.  These circuit courts have interpreted the Supreme Court's grant of a district court's "broad discretion in conditioning a judgment granting habeas relief" to include the power to allow the state court a time extension after noncompliance of a conditional habeas relief mandate.  *Id.*  In *Gilmore v. Bertrand*, 301 F.3d 581, 583 (7th Cir. 2002), the court held that it is part of the equitable power of the district court to grant the state court a time extension to cure a

constitutional deficiency.  The court noted that when the state fails to act in a timely manner, the

release of a prisoner lies within the discretion of the district court.  In *Gibbs v. Frank*, 500 F.3d 202,

208 (3d Cir. 2007), the Third Circuit agreed with the Seventh Circuit's interpretation of the district

court's power, noting that "[t]he broad discretion inherent in a district court's habeas powers include

the ability to evaluate whether the Commonwealth has provided a legitimate reason for its delay .

. . subject to a conditional habeas writ."  *Gibbs*, 500 F.3d at 208.  It follows that a good faith mistake

by the state court would constitute a legitimate reason for delay.

   The Sixth and Ninth Circuits have also determined that the district courts have the

power to grant the state a time extension to cure a constitutional deficiency.  In the unreported case

*McKitrick v. Jefferys*, 255 Fed. App'x 74, 75 (6th Cir. 2007), the Sixth Circuit affirmed the district

court's refusal to grant the petitioner immediate release due to the state's failure to precisely comply

with the terms of the conditional writ.   The court noted that "[w]hen a petitioner alleges

noncompliance with a conditional order, the district court must make a finding concerning the

sufficiency of the action that the state has taken . . . [as well as] the prejudice to the petitioner."  *Id.*

at 76.  Based on the state's substantial compliance, the court found that the state's error did not

justify the petitioner's immediate release. *Id.* at 77.  Conversely, in *Harvest v. Castro*, 531 F.3d 737,

749 (9th Cir. 2008), the court ultimately found that the district court abused its discretion in

modifying the conditional writ because of the state court's particular lack of excuse for

noncompliance.  However, the court still "agree[d] with [its] sister circuits that [generally] a district

court can modify its conditional writ even after the time provided in the conditional writ has lapsed." *Id.* at 744.

These cases amount to multiple circuits determining that state court noncompliance with a conditional habeas writ results in release at the discretion of the district court as law and justice dictate. A simple mistake or oversight on the part of the state court, when it is attempting to comply with a district court's mandate, does not mandate this Court to release Weary who has been granted conditional habeas relief. Therefore, release based on the state court's error in this case is unwarranted, and this Court utilizes its authority to grant the state court extra time for compliance. The Court grants the Louisiana State Courts an additional 90 days to comply with its past order, and otherwise the writ of habeas corpus shall be granted as to the double jeopardy claim.

### C. The Conviction to be Vacated

Weary alleges a problem with the state court proceeding outside of the lack of timeliness and lack of conviction vacation claims. Specifically, he argues that his armed robbery conviction should be vacated rather than his attempted first degree murder conviction. Rec. Doc. 30 at 19. Post-conviction relief based on double jeopardy claims are typically remedied in the way the district court demanded here; one of the convictions is left standing, and one is vacated. *Neville*, 867 F.2d at 887. While the district court's order in the present case did not dictate which of Weary's convictions should be vacated, Louisiana case law is clear that double jeopardy should be remedied by eliminating the judgment as to the less severely punishable offense. *See Bradford v. Whitley*, 953 F.2d 1008, 1011 n.6 (5th Cir. 1992) (indicating that Louisiana law was followed when the

11

defendant's conviction carrying the less severe possible penalty was vacated); *Neville v. Butler*, 867 F.2d at 890 (holding that the presumptive remedy for a double jeopardy violation involving armed robbery and attempted felony murder convictions is vacation of the conviction carrying the less severe possible penalty); *State v. Doughty*, 379 So.2d 1088 (La. 1980) ("[w]here multiple punishment has been erroneously imposed the proper appellate procedure is to eliminate the effect of the less severely punishable offense").

Under Louisiana state law, armed robbery is punishable by "imprison[ment] at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence," La. R.S. 14:64, while attempted first degree murder is punishable by "imprison[ment] at hard labor for not less than ten nor more than fifty years without benefit of parole, probation, or suspension of sentence."  La. R.S. 14:27.  The less severely punishable offense then, is attempted first degree murder.  The prosecution incorrectly entered a *nolle pross* instead as to the attempted murder charge, rather than the court vacating both convictions.

### D. Motions for Evidentiary Hearing with Counsel and In-Camera Review

The basis of Weary's motions for an evidentiary hearing with the appointment of counsel and an in-camera review of the state court proceedings is that the state court did not comply with the district court's judgment. Rec. Doc. 33 at 1; Rec. Doc. 34 at 1.  The Court does not address Weary's request to attend the hearing, or appoint counsel because it does not grant him an evidentiary hearing. Rec. Doc. 33 at 2.  Weary contends that an evidentiary hearing and an in-

camera inspection will reveal that the state court did not follow the instruction of the district court. Rec. Doc. 34 at 1. However, Weary does not illuminate what specific discrepancy will be uncovered by a review of evidence outside of the transcript. In response to these motions, the State provided at transcript of the Louisiana State Courts' proceedings. Rec. Doc. 38-1, Exh. A. The Court carefully reviewed the transcript. Considering this Court's acknowledgment of the State Court's need to comply with its previous Order, it is unnecessary to have either an evidentiary hearing or an in-camera inspection of the state court proceeding for which there is a transcript composed by a sworn court reporter.

### III. CONCLUSION

The constitutional infirmary of Weary's convictions under the double jeopardy clause must be remedied. The Court finds that allowing the state court extra time for compliance on its own will lessen the number of mistakes of this nature in the future. The Court offers the state a time extension of 90 days from the date of this judgment to comply with the mandates of the conditional writ. Rec. Doc. 27.

Accordingly,

It is ORDERED that Weary's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) is GRANTED IN PART and DENIED IN PART. Rec. Doc. 30.

IT IS FURTHER ORDERED that unless within 90 days from the issuance of this Order and Reasons, the Louisiana State Courts comply with this Court's past Order and Judgment, petitioner's claim will be granted as to the double jeopardy claim. Rec. Doc. 27; Rec. Doc. 28.

13

IT IS FURTHER ORDERED that Weary's motion for an evidentiary hearing and appointment of counsel is DENIED.  Rec. Doc. 33.

IT IS FURTHER ORDERED that Weary's motion for an in-camera inspection of the tape of the proceedings held on May 23, 2012 is DENIED.  Rec. Doc. 34.

New Orleans, Louisiana this 19th day of August, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT