## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ANDREW WEARY**                                **CIVIL ACTION NO. 10-cv-01793**

**VERSUS**                                      **SECTION "C"**

**N. BURL CAIN, ET AL**                         **HON. HELEN BERRIGAN**


### ORDER AND REASONS[1]

Before the Court is Andrew Weary's ("Mr. Weary") motion requesting release on personal recognizance with or without surety pending review pursuant to Fed.R.App. P.23. Rec. Doc. 52. The State opposed the motion, and Mr. Weary replied. Rec. Doc. 54; Rec. Doc. 55. Mr. Weary's motion for release with surety is DENIED with prejudice for the following reasons.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Mr. Weary was convicted of armed robbery and attempted first degree murder. After exhausting state appellate procedures, he filed a writ of habeas corpus under 28 U.S.C. §2254 on June 17, 2010 alleging, *inter alia*, that his convictions for attempted first degree murder and armed robbery violated his constitutional rights under the double jeopardy clause of the Fifth Amendment and the Louisiana State Constitution. Rec. Doc. 1. On February 23, 2012, the Court conditionally

---

[1] Hannah Adams, a third-year student at Northeastern University School of Law, assisted in the preparation of this Order and Reasons.

granted habeas relief (hereinafter "February 2012 conditional order") on the basis of the double jeopardy claim, "unless, within 90 days from the entry of a judgment by this Court, the Louisiana State Courts do the following: (1) vacate the sentences imposed for the armed robbery and attempted first degree murder convictions; (2) vacate the conviction for one of the offenses; and (3) resentence Weary on the remaining offense." Rec. Doc at 27 at 1. Mr. Weary did not seek to appeal the February 2012 conditional order.

The state court failed to meet the condition imposed by this Court. Instead of vacating one of the convictions as mandated, the state court chose to enter *nolle prosequi* as to Mr. Weary's attempted first degree murder charge, and resentenced Mr. Weary on the armed robbery conviction on May 23, 2012. Rec. Doc. 31-1; Rec. Doc. 38-1 at 8. Mr. Weary filed a motion to enforce the February 2012 conditional order and grant him unconditional habeas relief pursuant to Fed.R.Civ.P. 60(b). Rec. Doc. 42. Mr. Weary also moved for an evidentiary hearing, appointment of counsel, and an in-camera inspection of the tape of the May 23, 2012 proceedings. Rec. Doc. 33; Rec. Doc. 34. On August 19, 2013, this Court granted in part and denied in part the motion for relief ruling that the district court has the discretion to give the state court a time extension where there is a legitimate reason for delayed compliance (hereinafter "August 2013 order"). Rec. Doc. 42. This Court determined that the state court's failure to properly vacate the attempted first degree murder conviction constituted a good faith mistake and a legitimate reason for delay. *Id.* at 10. The order granted the state court 90 additional days to comply, and held that in the event of further noncompliance "petitioner's claim will be granted as to the double jeopardy claim."[2] *Id.* at 13. Mr. Weary's other motions were denied. *Id.*

---

[2] The Court specified that Mr. Weary was not eligible for relief under Fed.R.Civ.P. 60(b). Rec. Doc. 42 at 6.

On August 26, 2013 Mr. Weary filed a notice of appeal of the August 2013 order, on the grounds that this Court should have released him when the state failed to comply with the terms of the February 2012 conditional order rather than giving the state a time extension. Rec. Doc. 43. On September 6, 2013, this Court issued a certificate of appealability, certifying to the Fifth Circuit Court of Appeals the question of:

> whether it should have ordered Weary released (or, in other words, found that his habeas petition was granted) as to his double jeopardy claim, as specified in Record Document 27, because the State Courts had not complied with the Court's mandate within 90 days, or whether it was appropriate in this narrow instance where double jeopardy was involved, for the Court to grant the State Courts 90 additional days to comply with its past judgment.

Rec. Doc. 49 at 2. On September 13, 2013 the state trial court represented that it vacated Mr. Weary's attempted first degree murder conviction in compliance with the August 2013 order. Rec. Doc. 15-1. Mr. Weary submitted his appeal brief to the Fifth Circuit, and filed this motion for release pending review pursuant to Fed.R.App.P. 23 on August 1, 2014. Rec. Doc. 52. In his rebuttal to the state's opposition to the present motion, Mr. Weary also raises an allegation of the state's ongoing noncompliance with the February 2012 conditional order. Rec. Doc. 55.

## II.   LAW AND ANALYSIS

### A.  Jurisdiction

District courts retain jurisdiction over custody of a petitioner pending appeal of an order granting or denying habeas relief. Fed.R.App.P. 23; *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975) (enlargement of a state prisoner on bond pending decision on a petition for habeas relief is within the district court's jurisdiction). The issue of custody pending appeal is an entirely separate matter from the merits of the habeas petition itself, despite the fact that both matters concern the

physical liberty of the petitioner. *Jago v. U.S. Dist. Court, N. Dist. of Ohio, E. Div. at Cleveland*, 570 F.2d 618, 622 (6th Cir. 1978). Thus, this Court has jurisdiction to consider the petitioner's motion for release.

## B.  Applicable Law

Fed.R.App.P. 23 allows for the release of a prisoner in certain habeas corpus proceedings pending appeal of a successful or unsuccessful petition for relief. Paragraph (a) governs transfer of custody pending review. Paragraph (d) applies to appellate review of a trial court's initial order of release or custody pending review. *Hilton v. Braunskill*, 481 U.S. 770, 771 (1987). Thus, both (a) and (d) are inapplicable here. Of the remaining paragraphs, there is no clear guidance on whether paragraph (b) or (c) of Rule 23 governs release under the circumstances presented in this case, namely (1) a *conditional* grant of habeas relief, and (2) an appeal by the *petitioner* rather than the state. Therefore the Court will examine the standard for each of the provisions that may be applicable.

### i. Fed.R.App.P. 23(c)

Rule 23(c) applies when habeas relief has been granted. It states that while a decision ordering the release of a prisoner is under review, the prisoner "*must*—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety." Fed.R.App.P. 23(c) (emphasis added). Thus Rule 23(c) "undoubtedly creates a presumption of release from custody." *Hilton*, 481 U.S. at 774. However, this presumption of release can be overcome if the traditional stay factors weigh in favor of continued custody. *Id*. at 777.[1] Other factors that may be

---

[1] These factors include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits . . .  (2) whether the applicant will be irreparably injured absent a stay; (3)

considered as part of the analysis under 23(c) include the possibility of the prisoner's flight, the risk that the prisoner will pose a danger to the public if released, the state's interest in continuing custody and rehabilitation pending a final determination on appeal, and the prisoner's substantial interest in release pending appeal. *Id*. at 771.

### ii. Fed.R.App.P. 23(b)

Rule 23(b) governs when a decision *not to release* a prisoner is pending review. In contrast to the language of 23(c), Rule 23(b) states that the petitioner "*may* be released on personal recognizance, with or without surety." Fed.R.App.P. 23(b)(3) (emphasis added). Jurisprudence on 23(b) is far less developed than 23(c). Neither the Fifth Circuit nor the Supreme Court has created a definitive test governing the rule's application, and this Court found only one controlling case on point. In *Smith v. Caldwell*, a district court judge, in an opinion affirmed by the Fifth Circuit, denied release under 23(b) pending appeal of an order by the same judge denying petitioner's writ of habeas corpus. 339 F. Supp. 215, 218 (S.D. Ga. 1972) aff'd, 458 F.2d 160 (5th Cir. 1972). The *Smith* court opined that under 23(b) "enlargement is within the discretion of the court" and "a good deal of latitude exists as to its exercise by federal courts in the instance of prisoners in state custody." *Smith*, 339 F. Supp. at 216-17. Nevertheless "[t]he power of federal courts to order release pending appeal from denial of habeas corpus should be narrowly exercised." *Id.* at 217.

The *Smith* court applied a two-part analysis taken from D.C. Circuit and U.S. Supreme Court case law to determine whether release under 23(b) was warranted. First, it determined whether the appeal raised "substantial issues." Second, the court asked whether the petitioner presented "exceptional circumstances" that warranted release. *Id.* (citing *Baker v. Sard*, 420 F.2d 1342, 1344

whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton*, 481 U.S. at 776.

(D.C. Cir. 1969)). The D.C. Circuit's analysis in *Baker* (which the court in *Smith* acknowledges is not factually analogous but nevertheless cites for its primary authority) is based on a pre-Rule 23 but nonetheless procedurally relevant U.S. Supreme Court case *Aronson v. May*, where the petitioner sought release pending appeal of a habeas denial. *Baker*, 420 F.2d at 1344.[2] Under the standard set by *Aronson*, a petitioner moving for release pending appeal of a habeas denial must show that (1) "substantial questions [are] presented by the appeal" and (2) "there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964).

Although "substantial question" has not been clarified in the context of Rule 23, the Fifth Circuit has defined the term in the context of the 1984 Bail Reform Act, 18 U.S.C. § 3143(b)(2), as a "question that is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *United States v. Valera-Elizondo*, 761 F.2d 1020, 1024 (5th Cir. 1985) (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir.1985). The "exceptional circumstances," required by the second prong of the 23(b) test have been found when the petitioner's health is seriously deteriorating, there is an extraordinary delay in processing the petitioner's petition, the petitioner's sentence would be completed before meaningful collateral review could take place, or there is a high likelihood of success on appeal. *Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972); *Johnston v. Marsh*, 227 F.2d 528, 532 (3rd Cir.1955) (Hastie, J., concurring); *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972); *Boyer v. Orlando*, 402 F.2d 966, 968 (5th Cir.1968); *Baker*, 420 F.2d at 1344. *Smith* suggests that flight risk should be weighed against these factors in the exceptional

---

[2] Though Rule 23 was established in 1967, it was based on Supreme Court Rule 49, which is cited in *Aronson*.  Fed. R. App. P. 23, Notes of Advisory Committee on Rules (1967); *Aronson*, 85 S. Ct. at 5.

6

circumstances analysis in the Fifth Circuit. 339 F. Supp. at 218.

Other circuits have applied both prongs of the *Aronson* test to motions for release pending appeal of a habeas denial under Rule 23. *See Ostrer v. United States*, 584 F.2d 594, 599 (2d Cir. 1978) (affirming district court order not to release pending appeal of habeas denial for failure to satisfy the *Aronson* test); *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981) (affirming district court order not to release pending appeal of habeas denial for failure to show exceptional circumstances or a clear case on the merits); *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994), as amended (Feb. 8, 1995) (motion for bail denied pending appellate review of habeas denial because petitioner failed to show that his case was extraordinary due to special circumstances or a high probability of success); *Wingo v. United States*, 341 F. App'x. 132, 135 (6th Cir. 2009) (affirming district court order not to release pending appeal of habeas denial for failure to show substantial questions and exceptional circumstances).[3]

Perhaps more relevant to this Court, district courts in the Third, Seventh and Ninth circuits have applied the two-pronged test specifically to 23(b) determinations, citing *Aronson*. *See Attila Orban v. Donald T. Vaughn*, No. 95–5962, 1997 WL 137176 at *1,3 (E.D. Pa. Mar. 24, 1997) (denying petitioner release under 23(b) pending state's appeal of an order granting habeas relief in part and denying in part for failure to show substantial questions were presented on appeal and extraordinary circumstances exist); *Vaughn v. Adams*, No. CV-F-01-5241 OWW DLB HC, 2006 WL 2585041 at *10 (E.D. Cal. Sept. 5, 2006), *report and recommendation adopted,* No. 1:01-cv-05241-OWW-DLB-HC, 2007 WL 499629 (E.D. Cal. Feb. 13, 2007) (denying petitioner release under Fed.R.App.P. 23 for failure to present substantial claims and exceptional circumstances); *Swanson*

---

[3] *Wingo* does not specifically cite Rule 23, but Rule 23(b) is applicable to the circumstances.

*v. United States*, No. 1:08–cv–1180–SEB–DKL, 2011 WL 4007722 at *3-5 (S.D. Ind. Sept. 8, 2011) (denying petitioner release pending appeal of a habeas denial because, though the petitioner's short sentence might create exceptional circumstances, these circumstances were outweighed by the fact that petitioner was a known flight risk and had failed to show sufficient evidence of a constitutional error upon which relief might be premised on appeal).

This Court finds that the two-part *Aronson* test, as applied in *Smith* via *Baker*, is the appropriate standard for determinations of eligibility for release under Fed.R.App.P. 23(b). Thus Mr. Weary must show (1) substantial questions were presented on appeal and (2) exceptional circumstances exist in order to warrant release under Rule 23(b).

For the reasons stated below, it is appropriate to analyze Mr. Weary's petition under Rule 23(b).

## C.  Analysis

Mr. Weary's appeal to the Fifth Circuit is limited to this Court's decision to extend the state additional time for compliance rather than ordering Mr. Weary's immediate release. Mr. Weary argues that he is likely to succeed on the merits of his appeal because there is no statutory or common law authority to support his continued incarceration after the February 2012 conditional order allegedly became an unconditional grant of relief at the expiration of the period allotted for state compliance. He argues that the proper remedy was for this Court to execute the judgment and allow the state the remedy of appeal. Rec. Doc. 52. The state counters that release is inappropriate because it was within this Court's discretion to grant the state additional time, and Mr. Weary's success on appeal is therefore unlikely. Rec. Doc. 54. In his rebuttal, Mr. Weary reiterates his previous argument about the lack of authority for his continued incarceration. Rec. Doc. 55. Mr.

Weary also appears to allege that the state court continues to operate in noncompliance and that the double jeopardy violation is still unresolved. *Id.* at 2.

Mr. Weary is representing himself *pro se*. The Court interprets briefs of *pro se* litigants liberally "to afford all reasonable inferences which can be drawn from them." *In re Texas Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (5th Cir. 2010); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that *pro se* pleadings must be held to a less stringent standard than pleadings of represented parties).

### i. Fed.R.App.P. 23(b) governs petitioner's motion.

Mr. Weary argues that his motion for release pending appeal is governed by Fed.R.App.P. 23(b) or (d). Rec. Doc. 52 at 1. As previously stated, 23(d) governs appellate review of a district court order, and is not applicable here. Regarding the applicability of Rule 23(b), and its counterpart 23(c), there is a lack of clear guidance on which standard governs a request for release pending an appeal from an order granting a time extension for the state to comply with a conditional grant of habeas relief.

This Court has found three cases that specifically examine the question of whether a motion for release pending appeal of a conditional release order should be analyzed under Rule 23(b) with its higher standard, or 23(c) with its presumption in favor of release. In *Walberg v. Israel* the Seventh Circuit applied Rule 23(c) to petitioner's motion for release pending the state's appeal of a conditional grant of a habeas relief. 776 F.2d 134, 136 (7th Cir. 1985). In *Smith v. Berghuis*, the petitioner moved for release pending the state's appeal of a grant of habeas relief unless the state of Michigan commenced a new trial within 180 days. No. 1:03-CV-87, 2009 WL 1309507, at *1-2 (W.D. Mich. May 11, 2009). The court held that Rule 23(c) applied based on *Wahlberg*, but did not

reach the merits because the motion was denied on procedural grounds. *Id.* at *3. In *Coss v. Lackawanna County Dist. Attorney*, the petitioner was granted conditional habeas relief, and moved for release pending the state's appeal.[4] No. 1:CV–94–1481, 2000 WL 1372871, at *1 (M.D. Pa. 2000). The court applied 23(c) rather than 23(b), citing the Third Circuit's holding in *United States ex rel. Thomas v. State of New Jersey* that where the state appeals a conditional order, Rule 23(c) applies. *Id.* at *3 (quoting *Thomas*, 472 F.2d 735, 742 (3d Cir. 1973)). Ultimately the court denied the motion for release. *Id.* at *8.

Though none of these cases controls, they are instructive. It appears that courts have applied 23(c) where the court orders release conditionally and the state appeals rather than complying with the burdensome condition. See *Thomas*, 472 F.2d at 742 (holding that whether the order is conditional or unconditional, "if the *state* appeals, [this] will present the issue of custody of the petitioner pending appeal. The practice in such cases is governed by Rule 23(c)." (emphasis added)). It follows logically that under 23(c) the state, *as the moving party*, must satisfy the stay factors to overcome the presumption of release. *Hilton*, 481 U.S. at 776. The present case is distinguishable because here the state has twice attempted to comply with the February 2012 conditional order and the pending appeal is the petitioner's. Furthermore, Mr. Weary's appeal concerns the August 2013 order extending time for compliance, rather than the February 2012 conditional order itself. The very purpose of 23(c) is to protect successful petitioners from continued unlawful incarceration during the *state*'s appeal process. See, generally, *Thomas*, 472 F.2d at 742-43 (outlining the history of Rule 23(c) and its presumption of release). Thus the provision is not appropriately applied in the present case.

---

[4] Similar to the present case, the state was ordered to release the petitioner unless it corrected an unconstitutional conviction and sentencing proceeding.  *Coss*, 2000 WL 1372871 at *1.

Moreover, this Court's August 2013 order stated "release based on the state court's error in this case is unwarranted." Rec. Doc. 42 at 11. The plain language of the order indicates that it was a "decision not to release" despite its conditional nature, and falls under the purview of 23(b).

ii. **Respondent fails to show exceptional circumstances under the 23(b) test.**

As previously stated, the Court considers two factors in its determination of whether release is appropriate under 23(b): (1) whether substantial questions are presented on appeal, and (2) whether exceptional circumstances exist. *Aronson*, 85 S. Ct. at 5. Here, Mr. Weary satisfies the first prong but cannot satisfy the second.

First, a substantial question has been presented by the petitioner because, as this Court acknowledged in its August 2013 order, the question of the proper remedy when the state fails to comply with a conditional judgment is a matter of first impression in this circuit. Rec. Doc. 42 at 9. This Court analyzed precedent in other jurisdictions, and came to the conclusion that a time extension was an appropriate remedy where a state makes a good faith effort but nonetheless fails to comply with a conditional order. Rec. Doc. 42 at 10-11 (citing *Gilmore*, 301 F.3d at 583; *Gibbs*, 500 F.3d at 208; *McKitrick*, 255 Fed. App'x at 75). Mr. Weary responded with contrary precedent urging the immediate release of a habeas petitioner upon the state's failure to comply with a conditional order granting habeas relief. Rec. Doc. 52 at 4-5 (citing *Phifer v. Warden, U.S. Penitentiary, Terre Haute, Ind.*, 53 F.3d 859, 862 (7th Cir. 1995) ("If the state complies with its order, the petitioner will not be released; if the state fails to comply with its order, release will occur."); *Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir. 1985) ("A conditional grant of a writ of habeas corpus requires the petitioner's release from custody if new proceedings are not commenced by the state within the prescribed time period."); *Satterlee v. Wolfenbarger*, 453 F.3d 362, 369 (6th Cir.

11

2006) (affirming district court's order to immediately release prisoner upon state's failure to comply with conditional grant of habeas relief in the specified time period).

Though this Court will not examine the merits of Mr. Weary's argument, as that is the matter on appeal, the argument and authority cited does show that the question of Mr. Weary's continued incarceration after the state's non-compliance with a conditional grant of habeas relief is an unsettled area of the law and an issue of first impression in this jurisdiction. Thus, Mr. Weary has satisfied the first prong of the test because the lack of controlling precedent governing the question on appeal raises "substantial doubts" as to the outcome. *See Valera-Elizondo*, 761 F.2d at 1023.

Second, Mr. Weary must show exceptional circumstances. Here Mr. Weary fails to make an adequate showing that exceptional circumstances exist warranting immediate release. To this Court's knowledge, Mr. Weary has no serious health conditions that support immediate release. *Woodcock*, 470 F.2d at 94; *Johnston*, 227 F.2d at 532. Nor is there any concern that the petitioner's sentence would be completed before meaningful collateral review could take place, as Mr. Weary has served only 14 years of a 75 year sentence. *Boyer,* 402 F.2d at 968. Mr. Weary argues that there is a high likelihood that he will succeed on appeal, which can qualify as an exceptional circumstance justifying release. *Baker*, 420 F.2d at 1344. In fact, there is no way for Mr. Weary or this Court to predict the likelihood of success on the merits, since the matter on review is one of first impression and a pure matter of law that will receive de novo review. *Pierce v. Underwood*, 487 U.S. 552, 558 (1988); *see Mapp v. Reno*, 241 F.3d 221, 224 n.2 (2d Cir. 2001) (affirming the district court's finding of likelihood of success on the merits based on two decisions from the same court that examined analogous factual circumstances and held in favor of the petitioner, though relief was ultimately denied). Other than citing the conflicting case law that the Fifth Circuit will weigh in its review of

12

his claim, Mr. Weary has made no showing as to why he is likely to succeed on the merits. Thus Mr. Weary has not presented an exceptional circumstance.

Finally an exceptional circumstance may exist if there is an extraordinary delay in processing the petitioner's writ. *Glynn*, 470 F.2d at 98. Here, Mr. Weary has not alleged a significant or prejudicial delay on the part of the federal courts in his motion for release. However, in his rebuttal to the state's opposition to his motion for release, Mr. Weary seems to argue that the state once again failed to comply with this Court's mandate during the 90 day extension period allowed by the August 2013 order.[5] Rec. Doc. 55 at 2. Because this alleged continued noncompliance, should it prove true, constitutes a procedural delay that has prejudiced Mr. Weary by prolonging his incarceration under unconstitutional conditions, the Court will examine the allegation as a possible "exceptional circumstance." Mr. Weary, however, offers no support for this allegation. Moreover, the state filed a notice of compliance on September 19, 2013 that included a minute entry from September 16, 2013 stating, "Pursuant to an Order of the Hon. Helen Berrigan, the court orders any prior sentence *and conviction* as to Attempted First Degree Murder be vacated. The court further vacates any prior sentences as to Armed Robbery and resentences the defendant . . ." Rec. Doc. 51-1 (emphasis added). According to the minute entry, the state appears to have corrected its previous error of entering a disposition of *nolle prosequi* as to the attempted first degree murder charge as opposed to vacating the conviction. It follows that this alleged delay in state compliance does not constitute a sufficient "exceptional circumstance" to warrant release.

However, this Court found it instructive in its analysis of the state's earlier noncompliance

---

[5] Referring to the state's initial noncompliance with the February 2012 conditional order, Mr. Weary writes that the state "did not remedy petitioner's infirm double jeopardy violation, *which petitioner is still under* . . . ." Rec. Doc. 55 at 2 (emphasis added).

to examine the transcript of the state court proceeding in question, due to the lack of detail in the corresponding minute entry. See Rec. doc. 42 at 7. Therefore, the Court hereby orders the state to produce a transcript from the September 16, 2013 proceedings for review by this Court to confirm that the minute entry is accurate as to the state's compliance.

Because Mr. Weary cannot satisfy the "exceptional circumstance" prong of the two-part 23(b) analysis, there is no need to weigh Mr. Weary's flight risk, though the Court notes that there is no evidence that Mr. Weary presents such a risk. *See Smith*, 339 F. Supp. at 218 (petitioner denied release pending appeal where evidence was presented that petitioner was a flight risk because he had previously absconded). In fact, Mr. Weary has suggested that he be released with an ankle bracelet on bond to mitigate any concerns about potential flight. Rec. Doc. 55 at 3.

In sum, because Mr. Weary has shown substantial claims but failed to show exceptional circumstances, release is inappropriate and the petitioner's motion is DENIED with prejudice.

### III.  Conclusion

This Court concludes that Fed.R.App.P. 23(b) governs the petitioner's motion for release pending appeal, and that the petitioner has failed to show that an exceptional circumstance exists that warrants this extraordinary remedy.

Accordingly,

IT IS ORDERED that petitioner Andrew Weary's motion for release on bond pursuant to Fed.R.App.P. 23 is DENIED with prejudice.

IT IS FURTHER ORDERED that the state produce the transcript from the September 16, 2013 proceedings at the 22nd Judicial District to this Court for review within 30 days of this order.

New Orleans, Louisiana this 22nd day of October, 2014.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**